FILED
2021 May-17  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| GARY EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-142-GMB |
| | ) | |
| ANDREW M. SAUL, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On March 24, 2017, Plaintiff Gary Edwards filed an application for a period of disability and disability insurance benefits ("DIB"). His alleged disability onset date is June 12, 2016. Edwards' application for benefits was denied at the initial administrative level. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a video hearing on April 11, 2019, and he denied Edwards' claims on May 8, 2019. Edwards requested a review of the ALJ's decision by the Appeals Council, which declined review on December 9, 2019. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of December 9, 2019.

Edwards' case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a

United States Magistrate Judge. Doc. 14.   Based on a review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the decision of the Commissioner is due to be affirmed.

## I.  STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).   The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," and "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted).   "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).   Moreover, reversal is not warranted

---

[1] In general, the legal standards are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI").   However, separate, parallel statutes and regulations exist for DIB and SSI claims.   Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.   The same applies to citations for statutes or regulations found in excerpted court decisions.

even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)).  The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).  There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Plaintiff bears the burden of proving that he is disabled and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability. A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

## III.  RELEVANT FACTUAL BACKGROUND

Edwards was 63 years old at the time of the ALJ's decision. R. 168.  His primary complaints are back and leg pain. R. 211–12.  In his disability report, Edwards alleged the following medical conditions: bulging discs, degenerative joint disease, anxiety, hypertension, hyperlipidemia, CAD, low testosterone, B12 deficiency, chronic back pain, and colon polyps. R. 192.

Edwards completed the twelfth grade and received his high school diploma. R. 48, 193.  He worked for Goodyear for 40 years in a variety of positions including forklift operator, tire inspector, and conveyor offbearer. R. 37–41, 193.  He testified that he had to retire because pain prevented him from doing his job. R. 43.

Edwards alleged that both his legs would go numb from his hips down because of his bulging lumbar discs and estimated that he could walk for only 15 to 20

minutes at a time. R. 209, 211.  He stated that his wife has to help him because of the numbness in his legs, and she sometimes has to help him put on his pants and shoes. R. 211–12.  He can use a riding lawnmower for approximately 20 minutes and then has to rest. R. 213.  He can do some work around the house and the yard, but this causes him pain and quickly forces him to stop. R. 214.

The ALJ issued his decision on May 8, 2019. R. 27.  Under step one of the five-step evaluation process, he found that Edwards has not engaged in substantial gainful activity since June 12, 2016. R. 20.  The ALJ concluded that Edwards suffers from the severe impairments of degenerative disc disease of the lumbar spine, left knee degenerative joint disease, coronary artery disease, status post stenting, hypertension, and obesity.[2]  R. 20–22.  The ALJ noted that these medically determinable impairments cause more than minimal limitations to Edwards' ability to perform basis work activities. R. 20.  But the ALJ concluded at step three of the analysis that none of Edwards' impairments satisfied or medically equaled the severity of one of those listed in the applicable regulations. R. 22–23.

Before proceeding to the fourth step, the ALJ determined that Edwards had the residual functional capacity ("RFC") to perform a limited range of light work. R. 23.  More specifically, the ALJ found that Edwards had the following limitations

---

[2] The ALJ found Edwards' other alleged impairments to be non-severe. R. 20–22.  Edwards does not challenge these findings.

with respect to light work, as defined in 20 C.F.R. § 404.1567(b):

> no climbing of ladders, ropes, or scaffolding; and frequent, but not constant, stooping, kneeling, crouching, and crawling.  He must avoid concentrated exposure to extreme temperatures.  He must avoid unprotected heights and dangerous moving machinery.

R. 23.  At the fourth step, the ALJ considered Edwards' age, education, work experience, and RFC in determining that he was capable of performing his past relevant work as a tire inspector R. 27.  With this determination, the inquiry ended because a claimant who is capable of performing past work is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v) & (g)(1).

Therefore, the ALJ concluded that Edwards was not disabled within the meaning of the Social Security Act from June 12, 2016 through the date of the decision. R. 27.  Based on these findings, the ALJ denied Edwards' application for benefits. R. 27.

## IV.  DISCUSSION

Edwards makes one argument in favor of remand: the ALJ did not properly evaluate the credibility of Edwards' complaints of pain. Doc. 18 at 5–12.  The Commissioner contends that substantial evidence supports the ALJ's subjective complaint analysis. Doc. 19 at 7–14.  For the following reasons, the court finds that substantial evidence does support the ALJ's determination and that the ALJ applied the proper standards to reach his conclusions.

In addressing a claimant's subjective description of pain and symptoms, the

law is clear:

> In order to establish a disability based on testimony of pain and other
> symptoms, the claimant must satisfy two parts of a three-part test
> showing: (1) evidence of an underlying medical condition; and
> (2) either (a) objective medical evidence confirming the severity of the
> alleged pain; or (b) that the objectively determined medical condition
> can reasonably be expected to give rise to the claimed pain.  If the ALJ
> discredits subjective testimony, he must articulate explicit and adequate
> reasons for doing so.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted); *see also* 20 C.F.R. §§ 404.1529.  If a claimant satisfies the first part of the test, the ALJ must evaluate the symptoms' intensity, persistence, and effect on the claimant's ability to work. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1529(c) & (d); 20 C.F.R. §§ 416.929(c) & (d).  While evaluating the evidence, the ALJ must consider whether inconsistencies exist within the evidence or between the claimant's statements and the evidence, including his history, medical signs and laboratory findings, and statements by medical sources or other sources about how his symptoms affect him. 20 C.F.R. §§ 404.1529(c)(4) & 416.929(c)(4).  In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).  The ALJ is not required to conduct an explicit symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67

8

F.3d 1553, 1562 (11th Cir. 1995).  "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

The ALJ found that Edwards' medically determinable impairments could reasonably be expected to produce the alleged symptoms, but his statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. 24.  The court finds that the ALJ's determination is supported by substantial evidence.

The ALJ examined the medical evidence and medical opinion evidence in determining that Edwards' subjective complaints of pain were not entirely credible. The ALJ specifically found that his complaints of disabling pain were inconsistent with the following medical evidence:

- June 13, 2016 treatment notes from Dr. Peter M. Szeto at Southern Cardiovascular Associates where Edwards reported he had been doing well and was active with only some back pain since his last visit in February 2015.  Edwards was not in acute distress and the doctor advised him to stay active in retirement. R. 24, 264–66.
- May 23, 2016 and July 11, 2017 MRIs, as well as February 22, 2017 x-rays revealed mild stenosis at L4–5 bilaterally, left greater than right, and severe degenerative disc disease at L4–5 and L5–S1.  The treatment notes indicated these findings had remained stable since a December 17, 2013 MRI. R. 24, 254–55, 322, 339, 344–45.
- April 12, 2017 and May 17, 2017 x-rays of his knee revealed minor degenerative joint disease with minor marginal patellar osteophytic spurring and minor medial tibial plateau sclerosis.  Moderate adipose changes present. R. 25, 321, 329.

- July 2017 neurosurgical consultation with Dr. Samuel R. Bowen, II recommended referral for radiofrequency ablation and possible dorsal column simulator trial (R. 24, 344), but Edwards did not follow up with this recommended treatment.
- November 2017 treatment notes from Dr. Bowen revealed some limitations in lumbar spine, but normal vibratory sensation in lower extremities.  He noted 5/5 strength, no muscle atrophy, motor deficits, paraspinal muscle spasm, or sciatic notch tenderness. Edwards stood without assistance with normal posture, gait, coordination, heel and toe walking, tandem walking and ability to squat.  He also had full range of motion of the neck, shoulders, elbows, and wrists with normal muscle power in upper extremities. R. 25–26, 337–44.
- Routine treatment with chiropractor and primary care physician for back and knee pain including medication for pain. R. 282–327, 346–60, 368–400, 410–20.
- Consistent physical examinations by his primary care physician Dr. Morgan-Graves. While he had decreased range of motion in his lumbar spine and swollen left knee beginning April 12, 2017, Edwards had a full range of motion of hips, knees, and ankles and was rarely in acute distress upon examination. R. 25, 282–327, 332, 346–60, 368–400.
- Although Edwards had a history of coronary artery disease with routine yearly follow-ups with a cardiologist, his cardiologist and primary care physician repeatedly found that his coronary artery disease and hypertension were stable. R. 25, 266, 302, 366.

Additionally, the ALJ gave great weight to opinion evidence from Edwards' primary care physician who had instructed Edwards not to work on a forklift and not to do any heavy lifting. R. 26, 302.  He gave partial weight to the opinion of Dr. Sathyan V. Iyer, a consultative examiner, who opined that Edwards could have impairments in bending, lifting, pushing, pulling, and overhead activities. R. 333. The ALJ discounted the overhead activities limitations because Edwards had full

range of motion and normal muscular power of the upper extremities, but incorporated exertional limits and limitations in bending because they were consistent with Edwards' lumbar spine degenerative disc disease. R. 26.  Finally, the ALJ gave partial weight to the state agency doctor's opinion by incorporating the restrictions suggested, but limited Edwards to light work instead of medium work because of Edwards' lumbar spine MRI findings, chronic pain treatment, obesity, left knee degenerative joint disease, and cardiovascular conditions. R. 26, 72–83, 334–35.

On this record, the court finds that the ALJ's conclusion is supported by substantial evidence.  Edwards' medical examination reports were largely normal, and there was evidence of improvement with medication and treatment. *See Belle v. Barnhart*, 196 F. App'x 558, 560 (11th Cir. 2005) (noting that normal findings on examination support an ALJ's decision to discount subjective complaints); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling.").  Edwards' treatment and medication were conservative and recognized as effective by his doctors.  Additionally, the treatment notes reflect that Edwards engaged in a somewhat normal level of daily activity.  These activities undermine his claim of disabling limitations. *See Meehan v. Comm'r of Soc. Sec*., 776 F. App'x 599, 603 (11th Cir. 2019) (upholding ALJ's finding that subjective complaints were

inconsistent with a record of simple daily activities).  Finally, Edwards' primary care physician imposed limitations only on his use of a forklift and heavy lifting (R. 302), and the state agency physician restricted him to medium work (R. 79–81).  The ALJ's RFC was even more limited than these opinions and included a restricted range of light work. R. 23, 26.

As for the evidence supporting Edwards' subjective complaints (Doc. 18 at 9–10), most of the evidence Edwards highlights consists of his own complaints to various medical providers and not the findings or opinions of the doctors.  And while there may be evidence of some clinical abnormalities that could support his subjective complaints of pain, the court is mindful that it may not "re-weigh the evidence or substitute[e] [its] judgment for that [of the Commissioner] . . . even if the evidence preponderated against the decision." *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (citation and internal quotation marks omitted).  Instead, the court must determine whether substantial evidence supports the ALJ's credibility assessment regarding Edwards' subjective complaints of pain—"not . . . whether [the] ALJ could have reasonably credited [Edwards'] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec*., 421 F. app'x 935, 939 (11th Cir. 2011).

In sum, the ALJ correctly considered "the consistency of [Edwards'] statements" with the remainder of the evidence. *See* SSR 16-3p, 2017 WL 5180304,

at *8.  The ALJ's determinations are supported by substantial evidence and this claim is without merit.

## V.  CONCLUSION

For these reasons, the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards.  Accordingly, the decision of the Commissioner is due to be affirmed.  A final judgment will be entered separately.

DONE and ORDERED on May 17, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE